IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OPENTV, INC.,

        Plaintiff,

    v.

NETFLIX, INC.

        Defendant.

C.A. No. 12-1733 (GMS)

### JOINT STATUS REPORT

Counsel for OpenTV, Inc. and Netflix, Inc. have met and conferred in accordance with Federal Rule of Civil Procedure 26(f) and the Court's June 21, 2013 order, and submit this Joint Status Report.

**1. Jurisdiction and Service. Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?**

This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, and 1338(a). All parties are Delaware corporations subject to the Court's jurisdiction. No parties remain to be served.

**2. Substance of the Action. What are the factual and legal bases for plaintiff's claims and defendants' defenses?**

Plaintiff OpenTV, Inc. has brought claims for willful infringement of seven U.S. patents by Defendant Netflix, Inc. The patents and accused instrumentalities pertain to on-demand video streaming, including recommendation services for on-demand video streaming, various playback

functionalities for on-demand video streaming, and distributing content for on-demand video streaming. Netflix has asserted that the claims of the asserted patents are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**3. Identification of Issues. What factual and legal issues are genuinely in dispute?**

OpenTV contends that Netflix has willfully infringed seven OpenTV patents. In its Answer to the Complaint, Netflix has denied infringement, and asserted that the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112. Issues of damages and injunctive relief are also in dispute.

**4. Narrowing of Issues. Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

In order to streamline the *Markman* process, the parties will confer to limit the disputed claim terms that will be presented to the Court for construction.

**5. Relief. What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?**

OpenTV seeks damages adequate to compensate OpenTV for Netflix's infringement, which may include lost profits of OpenTV's video-on-demand software business, but in no event less than a reasonable royalty; an accounting and supplemental damages for those acts of infringement committed by Netflix subsequent to the discovery cut-off date in this action through the date final judgment is entered; increased damages for willful infringement; attorneys' fees and costs; and a permanent injunction to protect OpenTV's business from further infringement by Netflix. The parties have not engaged in damages discovery, and OpenTV has not yet quantified its damages.

RLF1 8841473v.1

Netflix seeks a judgment that the asserted patents are invalid and not infringed, and that OpenTV take nothing. Netflix also seeks a judgment that OpenTV is, in any event, not entitled to an injunction.

**6. Amendment of Pleadings?**

The parties propose September 30, 2013, as the deadline for amending pleadings without leave of Court.

**7. Joinder of Parties?**

The parties do not anticipate any joinder of additional parties.

**8. Discovery. Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are less costly and timeconsuming methods available to obtain necessary information?**

<u>Scope:</u> The parties anticipate discovery on at least the following issues:

    a)  Whether Netflix has infringed any claims of the asserted patents, including, for example, discovery into the development and operation of the accused Netflix instrumentalities and the source code for those instrumentalities.

    b)  Whether the asserted patents are invalid as anticipated by or obvious in light of WebTV and other prior art, and/or whether they are invalid under 35 U.S.C. §§ 101 *et seq.*

    c)  Netflix's knowledge of the asserted patents and OpenTV's willful infringement allegations.

    d)  The nature and extent of damages, including, for example, any relevant licenses and licensing practices, the importance of the accused instrumentalities to

Netflix's business, and the identity and feasibility of any non-infringing alternatives alleged by Netflix.

e) The other defenses alleged in Netflix's Answer to the Complaint; including Failure to Provide Notice, Prior Art and/or Prosecution History Estoppel, and Laches.

f) Whether OpenTV has been or will be irreparably harmed if an injunction does not issue.

g) The alleged conception and reduction to practice of the inventions claimed in the asserted patents and the date to which the asserted patents are, as a result, entitled to claim priority.

Schedule: The parties propose a case schedule as indicated in the attached Exhibit A.

Rules:  The parties propose that discovery be governed by the Federal Rules of Civil Procedure and Federal Rules of Evidence (where applicable to discovery, *e.g.*, inadvertent production of privileged material).

ESI and Protective Order:  The parties agree to meet and confer on or before July 8, 2013, with respect to ESI and with respect to a protective order and will submit proposed orders on or before July 15, 2013.

Expert Depositions:  The parties agree that each expert may be deposed for one 7-hour day for each expert report.  A report is considered to mean a report or that portion of a report addressed to a single issue (infringement, noninfringement, validity, invalidity, damages, etc.).  Where an issue is addressed in both a report and a rebuttal report, both reports will be considered as one report.  For example, if an expert submits a report on infringement, a report on validity,

4

and a rebuttal report responding to an opposing non-infringement report, that expert may be deposed for a maximum of 14 hours.

Privilege Log:    The parties agree that privileged and work-product protected communications made or created on or after the commencement of this action need not be identified on any privilege log.  The parties further agree that any privilege log will comply with all applicable legal requirements.

**9. Estimated trial length. Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?**

OpenTV estimates a 10-day trial.  Netflix believes it is premature to estimate the length of trial where, as here, it is uncertain how many claims, patents and accused systems will be at issue.  If all seven patents remain in the case, Netflix believes that a 14-day trial is the minimum amount of time that would be needed.  The parties will endeavor to narrow the issues through stipulation wherever reasonably possible.

**10. Jury trial?**

OpenTV has included a jury demand in its Complaint.

**11. Settlement. Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?**

The parties engaged in unfruitful licensing discussions prior to the suit being filed.  The parties remain open to mediation or other ADR prior to discovery, after the close of discovery and entry of a claim construction order, and/or after resolution of any dispositive motions.

5

**12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.**

Netflix has filed a motion to transfer this case to the Northern District of California. OpenTV filed its opposition on June 20, 2013.

**13. A statement that counsel for the parties have conferred about each of the above matters.**

The parties have conferred about each of the above matters.

<table>
<tr><td>

*/s/ Maryellen Noreika*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT
  && TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jbbefiling@mnat.com

Daralyn J. Durie
Clement S. Roberts
Eugene Novikov
Laura E. Miller
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  9411
</td><td>

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 658-6541
cottrell@rlf.com
gaza@rlf.com

Russell E. Levine, P.C.
Paul D. Collier
Matthew V. Topic
G. William Foster
Gregory Polins
KIRKLAND & ELLIS LLP
300 N. LaSalle St.
Chicago, IL 60654
</td></tr>
</table>

6